UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM ANDREW McDONALD, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-773-DRL-JPK |
| NANCY MARTHAKIS *et al.*, | |
| Defendants. | |

OPINION AND ORDER

William Andrew McDonald, a prisoner without a lawyer, filed a complaint about the medical care he received at Indiana State Prison for an umbilical hernia. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. McDonald alleges that he began developing an umbilical hernia on October 31, 2021. It started out the size of a marble; and, as of July 24, 2022, it had allegedly grown to the size of a softball. Two weeks after he first noticed it, Mr. McDonald saw Nurse Practitioner Diane Thews on November 15, 2021. She gave him Tylenol for the pain and told him surgery was not a treatment option. He next describes a visit with Dr. Nancy Marthakis, nearly eight months later on June 30, 2022. She prescribed meloxicam for the

pain, but he says that was ineffective and she did not provide another option for controlling the pain. He alleges his hernia, now the size of a softball, needs surgery. He claims the pain is so bad it interferes with his sleep and prevents him from exercising.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). "This is a high bar because it requires a showing of something approaching a total unconcern for the prisoner's welfare in the face of serious risks." *Brown v. Osmundson*, 38 F.4th 545, 550 (7th Cir. 2022) (quotation marks and brackets omitted).

Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible," *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Neither negligence nor medical malpractice constitute deliberate indifference. *Estelle*, 429 U.S. at 106. Courts generally

2

"defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and internal quotation marks omitted). At the same time, a prisoner is not required to show that he was "literally ignored" to establish deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). "[I]nexplicable delay in responding to an inmate's serious medical condition can reflect deliberate indifference," particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted). Additionally, a "prison physician cannot simply continue with a course of treatment that he knows is ineffective in treating the inmate's condition." *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011). Thus, "a doctor's choice of the easier and less efficacious treatment for an objectively serious medical condition" can amount to deliberate indifference. *Berry*, 604 F.3d at 441. On this record, and granting the inferences to which Mr. McDonald is entitled at this stage, he may proceed against NP Thews and Dr. Marthakis for deliberate indifference to his umbilical hernia.

Mr. McDonald also seeks injunctive relief to receive surgery to repair the hernia. However, injunctive relief is unavailable because he is no longer at the Indiana State Prison, where the events detailed in the complaint took place. *See* ECF 1 at 1.

For these reasons, the court:

(1) GRANTS William Andrew McDonald leave to proceed against Nurse Practitioner Diane Thews in her individual capacity for compensatory and punitive

3

damages for providing constitutionally inadequate medical care for an umbilical hernia on November 15, 2021, in violation of the Eighth Amendment;

(2) GRANTS William Andrew McDonald leave to proceed against Dr. Nancy Marthakis in her individual capacity for compensatory and punitive damages for providing constitutionally inadequate medical care for an umbilical hernia on June 30, 2022, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Practitioner Diane Thews and Dr. Nancy Marthakis at Centurion Health of Indiana, LLC, with a copy of this order and the complaint (ECF 1);

(5) ORDERS Centurion Health of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Nurse Practitioner Diane Thews and Dr. Nancy Marthakis to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

February 23, 2023                              *s/ Damon R. Leichty*
                                               Judge, United States District Court