UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM ANDREW MCDONALD, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-773-DRL-JPK |
| NANCY MARTHAKIS *et al.*, | |
| Defendants. | |

OPINION AND ORDER

William Andrew McDonald, a prisoner without a lawyer, is proceeding in this case "against Nurse Practitioner Diane Thews in her individual capacity for compensatory and punitive damages for providing [] inadequate medical care for an umbilical hernia on November 15, 2021, in violation of the Eighth Amendment," and "against Dr. Nancy Marthakis in her individual capacity for compensatory and punitive damages for providing constitutionally inadequate medical care for an umbilical hernia on June 30, 2022, in violation of the Eighth Amendment[.]" ECF 9 at 3-4. On June 15, 2023, the defendants filed a motion for summary judgment, arguing Mr. McDonald didn't exhaust his administrative remedies before filing this lawsuit. ECF 23. With the motion, the defendants provided Mr. McDonald the notice required by N.D. Ind. L.R. 56-1(a)(4). ECF 26. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a response to statement of material facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over two months ago, but Mr. McDonald has not responded. Therefore the court will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v.*

*Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

The defendants provide an affidavit from the Grievance Specialist at Indiana State Prison (ISP) and Mr. McDonald's grievance records.[1] During the time of the incident alleged in Mr. McDonald's complaint, an Offender Grievance Process was in place at ISP. ECF 23-5 at 2. The Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.*; ECF 23-1 at 3. Mr. McDonald's grievance records show he filed two relevant grievances, but didn't fully exhaust either grievance.

First, on December 6, 2021, Mr. McDonald submitted Grievance 136041, complaining he needed hernia surgery. ECF 23-3 at 9; ECF 23-5 at 3. The grievance office denied Grievance 136041 on its merits, Mr. McDonald submitted a Level I appeal to the warden, the warden denied Mr. McDonald's Level I appeal, but Mr. McDonald didn't submit a Level II appeal to the Department Grievance Manager, which was a necessary

---

[1] Because Mr. McDonald has not responded to the defendants' summary judgment motion, the court accepts the Grievance Specialist's attestations and the contents of Mr. McDonald's grievance records as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

step to exhaust the grievance. ECF 23-3 at 1, 3, 6, 8; ECF 23-2; ECF 23-5 at 3-4. Second, on November 28, 2022, Mr. McDonald submitted Grievance 148166, complaining he had not received a Tylenol prescription for his hernia pain and asking how long it would take for him to receive hernia surgery. ECF 23-4 at 2. The grievance office denied Grievance 148166 on its merits, and Mr. McDonald didn't appeal that response. *Id.* at 1; ECF 23-2. Thus, the undisputed facts show Mr. McDonald didn't fully exhaust Grievances 136041 and 148166. The Grievance Specialist attests Mr. McDonald didn't file any other grievance forms or appeals relating to his hernia pain or need for hernia surgery. ECF 23-5 at 4.

Although Mr. McDonald didn't file a response to the summary judgment motion, he submitted a letter before the motion was filed, asserting that he had, in fact, exhausted his administrative remedies. ECF 16. But nothing in the letter changes the analysis here. He includes a copy of Grievance 136041, the denial of that grievance, and his Level I appeal. ECF 16-1 at 1-3. But he doesn't give any indication that he filed a Level II appeal, in line with the evidence presented by the defendants.

Here, because it is undisputed Mr. McDonald didn't fully exhaust Grievances 136041 and 148166, and Mr. McDonald provides no evidence he filed any other relevant grievance or his administrative remedies were in any way unavailable, the defendants have met their burden to show Mr. McDonald didn't exhaust his available administrative before filing this lawsuit. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 23); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against William Andrew McDonald and to close this case.

SO ORDERED.

October 2, 2023

*s/ Damon R. Leichty*
Judge, United States District Court